IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

CYNTHIA SUMMERFORD                                                      PLAINTIFF

V.                                                              NO. 3:20CV00021-JMV

COMMISSIONER OF SOCIAL SECURITY                                         DEFENDANT

**FINAL JUDGMENT**

This cause is before the Court on Plaintiff's complaint for judicial review of an unfavorable final decision of the Commissioner of the Social Security Administration denying a claim for a period of disability and disability insurance benefits and supplemental security income. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit. The Court, having reviewed the administrative record, the briefs of the parties, and the applicable law, and having heard oral argument, finds as follows:

Consistent with the Court's ruling from the bench during a hearing held January 27, 2021, the Court finds the Commissioner's residual functional capacity ("RFC") determination is not supported by substantial evidence in the record. Specifically, the reasons provided by the ALJ for discrediting the claimant's subjective complaints regarding her headaches and other multiple sclerosis symptoms are not supported by substantial evidence in the record. Additionally, the ALJ's finding that Dr. Shearin opined the claimant could stand/walk and sit during the course of a workday for six hours and six to eight hours,

respectively, "without interruption" is inaccurate. Moreover, to the extent the ALJ considered Dr. Shearin's opinion the claimant was limited to sitting for only 10 to 15 minutes, uninterrupted, during a workday, the ALJ failed to give a reason, supported by substantial evidence in the record, for rejecting this opinion. Ultimately, the ALJ's RFC determination is not supported by a competent medical opinion or other substantial evidence in the record. *Cf. Ripley v. Chater*, 67 F.3d 552 (5th Cir. 1995) (finding the ALJ's RFC determination was not supported by substantial evidence and that a medical source statement from a treating physician was required because the record included vast amounts of information establishing the claimant's back problem; no clear evidence establishing the effect the condition had on the claimant's ability to work; and testimony from the claimant regarding debilitating limitations).

On remand, the ALJ must seek the assistance of a medical consultant who will provide an RFC assessment (function-by-function) of the claimant based on all the medical evidence in the record. The ALJ must consider this new evidence along with the other pertinent evidence in the record and formulate a new RFC. If necessary, the ALJ must obtain supplemental vocational expert evidence before issuing a new decision. The ALJ may conduct any additional proceedings not inconsistent with this judgment.

**IT IS, THEREFORE, ORDERED AND ADJUDGED that this case is REVERSED and REMANDED for further proceedings.**

This 29th day of January, 2021.

/s/ Jane M. Virden
U.S. MAGISTRATE JUDGE